UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20581-CIV-UNGARO/SIMONTON

GLENN FOJTASEK,

    Plaintiff,
v.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

### OMNIBUS ORDER GRANTING, IN PART, PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY

Presently pending before the Court are Plaintiff's Motion to Compel Better Answers to Interrogatories (DE # 55), Motion to Compel Defendant to Produce Documents (DE # 58) and Motion and Expedited Motion to Compel Access to Cable for Inspection and Testing (DE ## 60, 63)("Motions"). The Defendant has filed Oppositions to the Motions (DE ##s 67, 68, 69) and the Motions have been referred to the undersigned Magistrate Judge (DE # 56, 59, 62, 66)[1]. A hearing was held on the Motions on September 17, 2009 wherein, after hearing arguments from counsel, the undersigned announced her rulings on the Plaintiff's Motions. This Order incorporates the rulings made from the bench at that hearing and sets forth the procedures the Parties are to follow to ensure the timely completion of discovery.

---

[1] Plaintiff initially filed a Motion to Compel Access to Cable for Inspection and Testing on September 3, 2009 (DE # 60). On September 9, 2009, Plaintiff filed an Expedited Motion to Compel Access to Cable for Inspection and Testing (DE # 63), which sought the same relief requested in the first Motion, but on an expedited basis. Both Motions have been referred to the undersigned (DE ## 66, 62).

I.      **BACKGROUND**

**Plaintiff Glenn Fojtasek initiated this action as husband and personal representative of the Estate of Barbara Fojtasek, his deceased wife, seeking damages from Defendant NCL (Bahamas) Ltd., ("NCL") pursuant to the Florida Wrongful Death Act, Fla. Stat. § 786.16 et seq., for NCL's alleged negligence related to an excursion wherein Mrs. Fojtasek fell to her death (DE ## 1, 32). Jurisdiction in this Court is predicated upon diversity because Plaintiff is a resident of Texas, Defendant NCL, a foreign corporation, maintains its principal base of operations in Miami, Florida and Plaintiff seeks damages in excess of $75,000. In addition, jurisdiction arises under General Admiralty and Maritime law pursuant to 28 U.S.C. § 1333.**

**According to the Amended Complaint, on March 18, 2008, while Barbara Fojtasek and her family were aboard the NCL NORWEGIAN SPIRITcruise ship, they purchased a "Zip-line" shore excursion to be taken in Gumbalimba Park in Roatan, Honduras. The excursion was advertised in the "Shore Excursions Aboard NCL" booklet provided to NCL passengers and the Zip-line ride was operated by Tabayana Tours. On March 19, 2008, while on the excursion, Ms. Fojtasek and an employee of Gumbalimba Park fell from the Zip-line ride when the cable to which they were harnessed broke. Mrs. Fojtasek died from the injuries she sustained in the fall.**

**In its Amended Complaint, Plaintiff proceeds on three counts against Defendant NCL: Direct Negligence in Choosing and Monitoring (Count I); Negligent Misrepresentation (Count II); and Apparent Agency (Count IV). Plaintiff also alleged a Joint Venture/Partnership between NCL and the owners/operators of the Zip-line ride in Gumbalimba Park (Count III) (DE # 32 at 26-30). However, the Court dismissed that Count**

in its July 13, 2009 Order concluding that Plaintiff failed to include sufficient facts to state a facially plausible claim (DE # 39).

The discovery deadline in this matter is set for November 13, 2009 and the trial is scheduled for February 1, 2010.  Plaintiff has filed three Motions seeking to compel the Defendant to respond fully to Plaintiff's discovery requests.  Based upon the Parties' filings, and consistent with the rulings made at the hearing,  the undersigned GRANTS the Plaintiff's Motions, in part, and DENIES the Motions in part.

II.     ANALYSIS

       A.     Motion to Compel Better Answers to Interrogatories

Plaintiff first filed a Motion to Compel seeking to have the Defendant provide better responses to two of the Interrogatories propounded on NCL that were met with objections by the Defendant.  However, at the hearing, the Parties indicated that they had resolved the issues regarding Defendant's Responses to Plaintiff's Interrogatories. Therefore, Plaintiff's Motion to Compel Better Answers to Interrogatories (DE # 55) is DENIED as Moot.[2]

       B.     Motion to Compel Defendant to Produce Documents

Plaintiff's second Motion (DE # 58) seeks to compel Defendant to produce documents responsive to Plaintiff's Initial Request for Production of Documents.

In response to the Motion, Defendant filed an Opposition and attached its Amended Privilege Log (DE # 69-3) which identifies various documents that Defendant

---

[2] Although the Parties indicated that issues related to the disclosure of passenger information had been resolved, the undersigned reminds the Parties that, as discussed at the Hearing, any personal passenger information, including names and dates of sailing, shall not be disclosed to anyone not involved in this litigation.

asserts are privileged, either because such documents were prepared in anticipation of litigation and thus protected by the work product doctrine, or because the documents contain communications between the Defendant and its counsel and thus are protected by the attorney client privilege.[3]  In addition, Defendant asserted that certain documents exchanged between NCL and Tabayana Tours are entitled to work product protection pursuant to the joint defense doctrine because the documents were shared between those entities to assist in responding to or defending against this lawsuit and/or potential litigation arising from the Zip-line accident.

　　　　　　　　1)　　Tabayana Incident Report and Tabayana Emails

Prior to the hearing, the Parties reached substantial agreement as to the production of several categories of documents that the Plaintiff sought to compel Defendant to produce.  However, the Parties did not resolve issues related to the production of a number of individual documents including a two-page incident report completed on March 19, 2009 by the owner of the excursion company, Tabayana Tours ("Tabayana Incident Report").  Plaintiff argued at the hearing that the Tabayana Incident Report should not be afforded joint defense work product protection because Tabayana is not a party to this action, and because the Defendant asserted in its Affirmative Defenses that the entity that owns the Zip-line excursion company is solely responsible

---

[3] **Plaintiff attached Defendant's Privilege Log to Plaintiff's Motion to Compel Defendant to Produce Documents.  The Defendant's Privilege Log identifies three specific reports and also identifies three categories of email documents generated in March and April of 2008 (DE # 58, Ex. A).  However, Defendant amended its privilege log and described each of the emails referenced in the broad categories of its original Privilege Log (DE # 69-3).  At the hearing, the Plaintiff identified each document in the Defendant's Amended Privilege Log that Plaintiff sought to have Defendant produce, and the Court heard argument on each of those emails.**

for the accident.  Plaintiff argued therefore that NCL and Tabayana Tours are not aligned for purposes of the joint defense work product doctrine.

Similarly, the Plaintiff argued that many of the emails specifically identified in the Defendant's Amended Privilege Log are between NCL and Tabayana Tours ("Tabayana emails"), and thus like the Tabayana Incident Report, are not subject to work product protection under the joint defense theory.  Defendant countered that an entity need not be a party in order for the joint defense work product privilege to apply, and additionally asserted that the Tabayana Incident Report and many of the Tabayana emails were created in anticipation of litigation, at the request of NCL counsel, and for the purpose of assisting in mounting a defense to this action.

However, as expressed by the undersigned at the hearing, the documents at issue have not been submitted to the Court for an in camera inspection, and thus it is unclear whether the Tabayana Incident Report and emails were generated in anticipation of litigation and in contemplation of a joint defense between NCL and Tabayana Tours or were merely communications that would likely be exchanged after an accident occurred.  Accordingly, the Defendant shall submit to the undersigned the Tabayana Incident Report and any related correspondence and the Tabayana emails listed in the Defendant's Amended Privilege Log that were discussed and identified at the hearing by the Plaintiff as documents not entitled to the joint defense work product protection for an in camera review by the close of business on Wednesday, September 30, 2009.

2) Emails between NCL employees

Plaintiff also asserts that some of the other documents identified in the Defendant's Amended Privilege Log as attorney client privileged are not entitled to

protection from disclosure because they are not communications between NCL and its attorneys regarding privileged legal matters, but rather are communications between NCL employee where an attorney or the legal department was merely "cc'd" as part of a list of recipients of those emails. Plaintiff argues that an email that is not intended to be a legally privileged communication cannot be converted into a privileged document just by forwarding a copy of that email to an attorney or the legal department.

Again, however, the emails in contention have not been provided to the Court and thus a determination of whether those communications are privileged cannot be made at this juncture. Accordingly, the Defendant shall also submit those emails discussed, and identified at the hearing by the Plaintiff as occurring between NCL employees wherein an NCL attorney or legal department is "cc'd" as part of the list of recipients, to the undersigned for an in camera review by the close of business on Wednesday, September 30, 2009.

### 3) Financial Receipts and Records

Plaintiff also seeks to compel the production of certain financial records. However, as stated at the hearing, to the extent that Plaintiff seeks to compel financial records and sales receipts related to monies exchanged between Defendant NCL and Gumbalimba Park, Tabayana Tours and/or any other excursion related entities, those documents are irrelevant to the causes of action in Plaintiff's Amended Complaint. In particular, the determination of whether NCL and Tabayana Tours collected monies together or jointly controlled or held a proprietary interest in the operation of the Zip-line excursion is not relevant to proving Direct Negligence in Choosing and Monitoring, Negligent Misrepresentation or Apparent Agency which are the causes of action

remaining in Plaintiff's Amended Complaint.[4]  Accordingly, Defendant's objections to Request for Production ##s 23, 53, 59, 65, and 73 are sustained because the documents requested are irrelevant to this action and Defendant therefore does not have to produce the documents sought by Plaintiff in those Requests.

           C.      <u>Motion to Compel Access to Cable for Inspection and Testing</u>

Finally, Plaintiff filed a Motion and an Expedited Motion to Compel Access to Cable for Inspection and Testing (DE ##s 60, 63).  In those Motions, Plaintiff indicated that it seeks to obtain the cable that broke during the Zip-line excursion which ultimately caused Barbara Fojtasek's death.  According to Plaintiff, Tabayana Tours is in possession of the cable in Honduras, although portions of the cable have been removed by the Honduran Police to investigate the incident, and remain in their possession.

At the hearing, the Defendant acknowledged that Tabayana Tours retained parts of the cable and agreed that it would use its best effort to obtain that portion of the cable but indicated that it had no ability to obtain those portions of the cable in the possession of the Honduran Police.

It is clear that the cable that broke during the Zip-line ride is a critical piece of evidence that is relevant to this action and thus should be made available to the Plaintiff and its experts.  However, because the cable is in the possession of a non-party in a

---

[4] Plaintiff asserted at the hearing that although Count III of the Amended Complaint which alleged a Joint Venture/Partnership cause of action between NCL and Tabayana Tours was dismissed by the Court, it might seek to file a Second Amended Complaint wherein new and/or renewed causes of action would be alleged.  The day after the hearing, Plaintiff filed a Motion seeking leave to file a Second Amended Complaint (DE # 74).  Thus, this ruling is limited to the Amended Complaint as modified by the Court's Order on the Motion to Dismiss (DE # 39).  If the Complaint is again amended and additional causes of action are alleged, the Plaintiff may renew its Motion to Compel certain financial documents, if relevant.

foreign country, it is likely that this matter will be greatly delayed if Plaintiff is required to resort to the Honduran courts to obtain access to the cable and such efforts may prove futile.  Defendant, on the other hand, has had a business relationship with Tabayana Tours and is likely able to assist in obtaining access to the cable and expeditiously resolving this issue.

Therefore, Plaintiff's Expedited Motion to Compel Access to Cable for Inspection and Testing (DE # 63) is GRANTED and Plaintiff's Motion to Compel Access to Cable for Inspection and Testing (DE # 60) is DENIED, as moot.  The Plaintiff shall draft a letter to the Defendant setting forth what portions of the cable Plaintiff requires in order for its expert(s) to perform testing on the cable.  The letter shall also specify the type of testing that Plaintiff's expert(s) will perform on the cable and indicate whether such testing will be destructive to the cable.  Within ten (10) days of receiving the letter from the Plaintiff, the Defendant, using its best efforts, shall arrange for Plaintiff to have access to the requested cable.  If the Defendant is unable to secure access to the cable for the Plaintiff, the Defendant shall file a status report within twenty (20) days with the Court indicating its efforts to secure the cable and why those efforts were unsuccessful.

III.    CONCLUSION

Therefore, based upon a review of the record as a whole, it is

**ORDERED AND ADJUDGED** that Plaintiff may file a Reply to its Motion to Compel Defendant to Produce Documents (DE # 58) on or before Thursday, September 24, 2009.  Defendant may file a Sur-Reply to Plaintiff's Motion to Compel Defendant to Produce Documents (DE # 58) on or before Wednesday, September 30, 2009.  Defendant shall submit to the undersigned for an in camera review the Tabayana Incident Report

and any related correspondence and the Tabayana emails listed in the Defendant's Amended Privilege Log that were discussed and identified at the hearing by the Plaintiff by the close of business on Wednesday, September 30, 2009.  Defendant shall also submit to the undersigned for an in camera review those emails listed in the Defendant's Amended Privilege Log and discussed and identified at the hearing by the Plaintiff as occurring between NCL employees wherein an NCL attorney or legal department is "cc'd" as part of the list of email recipients by the close of business on Wednesday, September 30, 2009.  Defendant shall also provide to the Court and the Plaintiff a list of documents produced to Plaintiff in response to Plaintiff's Request for Documents that were initially objected to or included in the Defendant's Privilege and Amended Privilege Log that Defendant has subsequently produced.  Plaintiff shall promptly notify the Court if the documents listed have not been produced to the Plaintiff.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Better Answers to Interrogatories (DE # 55) is **DENIED** as Moot;  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Expedited Motion to Compel Access to Cable for Inspection and Testing (DE # 63) is **GRANTED,** and Plaintiff's original Motion to Compel Access to Cable for Inspection and Testing (DE # 60) is **DENIED**, as moot.  The Defendant shall use its best efforts to provide Plaintiff access to the requested cable, within ten (10) days of receiving a written request from the Plaintiff as discussed previously.  If the Defendant is unable to secure access to the cable for the Plaintiff, the Defendant shall file a status report within twenty (20) days with the Court

**indicating its efforts to secure the cable and why those efforts were unsuccessful.**

**DONE AND ORDERED** in chambers in Miami, Florida on September 28th, 2009.

*Andrea M. Simonton*

**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
         United States District Judge
All counsel of record**